## CHARLESTON.

STARCHER *v.* HOPE NATURAL GAS COMPANY.

Submitted February 13, 1912.    Decided March 11, 1913.

PLEADING—*Actions on—Declaration.*

It is not necessary in a declaration to state more than the substance and legal effect of the contract declared on; and unless the plaintiff renders his allegations of the contract descriptive of a written instrument, he need not support his declaration literally, but only substantially.  (p. 169).

(LYNCH, JUDGE, absent).

Error to Circuit Court, Lewis County.

Action by John C. Starcher against the Hope Natural Gas Company. Judgment for defendant, and plaintiff brings error.

*Reversed, Verdict Set Aside, and New Trial Awarded.*

*Robert L. Bland,* for plaintiff in error.

*A. B. Fleming, Charles Powell, Kemble White, E. A. Brannon* and *W. W. Brannon,* for defendant in error.

ROBINSON, JUDGE:

Starcher leased his land for oil and gas purposes to the South Penn Oil Company. The latter assigned the lease, as far as it related to gas development, to the Hope Natural Gas Company. The case before us is an action in assumpsit by Starcher against the assignee of the lease, for damages alleged to arise by reason of a failure on the part of the holder of the lease so to develop the premises as to prevent a drainage of the gas through wells on adjoining lands.

When the action came on for trial before a jury, plaintiff offered the written lease in evidence. The writing was excluded on the ground that it varied from the allegations of the declaration. Plaintiff had leave to amend, but he declined to do so. Because of the court's ruling that there was such variance, verdict and judgment for defendant followed. Plaintiff's writ of error brings up for our decision whether there was a material variance for which the lease, the foundation of plaintiff's case, should have been excluded.

The written lease corresponded in every way to the averments of the declaration relating to it, except that it was signed and sealed by the lessee as well as by the lessor. Because the declaration did not aver that the lease was so excuted by the lessee, it was excluded. Was the variance a material one?

It is well to notice that the action is not based primarily on the lease as between the original parties thereto, but is grounded on the implied obligations of the assignee of the lease arising from the assignment. Indeed these implied obligations are the real basis of the alleged assumpsit on the part of defendant. So the pleading of the written lease was in fact by way of inducement to the pleading of the duty on the part of defendant and

the failure to observe that duty. The nature of the action did not call for specific description of the writing, as a direct action of covenant thereon might have demanded.

Now, the declaration sets forth that plaintiff by a writing signed and sealed by him leased the premises to the South Penn Oil Company, and it then avers in a general but somewhat extended way the legal effect of the lease, substantially as that legal effect actually appears by an inspection of the writing. The declaration does not, however, aver that the lease was signed and sealed by the lessee also. In this regard, it is silent. It does not say that the lessee did not so execute the lease. It says that the lessee accepted and recorded the lease and became bound to fulfill the obligations arising therefrom. Then it sets forth the assignment to defendant and avers the obligations on defendant by reason of the assignment. But nowhere in the declaration has the pleader undertaken to describe the written lease in relation to the manner of its execution or recognition by the lessee. While the declaration does aver that the lessee accepted the lease and thereby became bound, yet it does not say whether the acceptance was indicated merely by the lessee's receiving and recording the lease, or by the lessee's signing and sealing and then recording the writing. No attempt has been made by the pleader to set forth the lease in terms descriptive of a written instrument; it is only set forth in relation to its legal effect.

The writing tendered in evidence conformed to the allegations of the declaration regarding the lease out of which arose defendant's obligations. That writing proved all that the declaration said about the lease. Nor was it in any way inconsistent with what was averred relative thereto. Though the lease tendered was one that had been signed and sealed by the lessee as well as by the lessor, yet there was nothing to the contrary in the declaration. All that which the declaration stated regarding the lease was stated as matter of substance and not as matter of description. So it only had to be proved substantially, not literally. Hogg's Pleading and Forms, sec. 137. Plaintiff had merely averred the legal effect of the lease; he had not undertaken to describe it literally. The legal effect of the lease conformed exactly to that averred. The evidence

therefore fitted the allegations. "The plaintiff is not bound to state more than the substance and legal effect of the contract he declares on; and except° when he renders his allegation of the contract descriptive of a written instrument, he is not bound to support his declaration literally, but substantially." 1 Chitty on Pleading 324.

Here, by the pleading, the lease was not relied on as an instrument signed and sealed by the lessee and thereby binding the lessee and its assigns, but as a lease made by the lessor and accepted by the lessee so as to bind the latter, and those taking by assignment, whether that acceptance be shown to be by seal or otherwise. The legal effect of the lease, not the manner of its acceptance or recognition by the lessee, was relied on in the pleading. "Where acts ·are alleged according to their legal effect, proof of any state of facts that will constitute the legal effects alleged is admissible, and a substantial accordance between the conclusion drawn from the facts proved and the allegations is sufficient." 22 Enc. Pl. and Pr. 560.

It must be distinctly observed that this is not a case of declaring on a simple contract and undertaking to prove the same by a writing under seal. Of course in such case there is a material variance. In this case it is merely alleged that a contract of certain legal effect arose from a lease made by plaintiff to the South Penn Oil Company, without undertaking to say particularly what the manner of the lessee's execution of the lease was. The lease tendered in evidence, though under seal by the lessee, proves such contract and is admissible. The signing and sealing by the lessee does not make the lease variant from the allegations, for the allegations do not say that it is not under the signature and seal of the lessee. They say it is a lease having certain legal effect; when produced it is found to have precisely that legal effect, notwithstanding it appears that the lessee indicated recognition of the terms of the lease by signing and sealing it. Moreover, the lease would have had the same legal effect, if accepted by the lessee, whether signed and sealed by the lessee or not. *Railroad Co.* v. *McIntire,* 44 W. Va. 210. Hence the fact that it is signed and sealed by the lessee is indeed not material to plaintiff's action.

That there was no such variance as warranted the exclusion

of the lease as evidence, seems clear. We are by no means disposed to technicality on this line. A variance is not in law a variance unless it is material. These matters of variance should call only for the application of plain reason, promotive of a just end in litigation. "It is not possible to state any fixed rule by which may be determined what constitutes a variance, for in each case it must depend upon the comparison of the declaration with the contract and an intelligent exercise of discretion to determine whether or not the apparent difference is really a departure from a proper description of the contract declared on. The decided cases furnish no fixed rule." 1 Barton's Law Practice (2nd ed.), 315.

The cross-assignment of error, challenging the action of the court in overruling the demurrer to the declaration, must be overruled. There is no misjoinder of counts. Both are in assumpsit. The second count avers a promise and a breach thereof.

The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed, Verdict Set Aside and New Trial Awarded.*